IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK JUDGE, JR. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PHILADELPHIA PREMIUM OUTLETS, | : | NO. 10-1553 |
| et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                                  June 14, 2010

Currently pending before the Court is the Motion of Defendant ABM Mid-Atlantic, Inc. ("ABM") to Dismiss Count IV of the Crossclaim of Defendants Philadelphia Premium Outlets, Chelsea Limerick Holdings, LLC, Chelsea Property Group, Inc., and Simon Property Group, Inc. (collectively, "Chelsea Defendants"). For the following reasons, the Motion is denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jack Judge, Jr. commenced this lawsuit against Defendants Philadelphia Premium Outlets, Chelsea Limerick Holdings, LLC, Chelsea Property Group, Inc., Simon Property Group, Inc. a/ka and/or d/b/a and/or t/a Simon Property Group, LP and/or Simon Property Group Delaware, Inc., Ann Taylor Stores Corp. a/k/a and/or d/b/a and/or t/a Ann Taylor Retail Inc. and/or Ann Taylor, Inc. and/or Ann Taylor, Ann Taylor Loft Outlet Store 2909 Philadelphia Premium Outlet, ABM Inc. Building Maintenance a/k/a and/or d/b/a/ and/or t/a ABM Engineering Service Company and/or ABM Industries Inc. and/or ABM, and HGO Inc. Building Maintenance Services a/k/a and/or d/b/a and/or t/a HGO Services, Inc. and/or HGO Corporation and/or HGO Incorporated Building Services in connection with an injury he received on Defendants' property. According to the

Complaint, on December 7, 2007, Plaintiff was on a walkway adjacent to Defendants' Ann Taylor Loft Outlet Store in Limerick, Pennsylvania. (Compl. ¶ 18.) While walking, he tripped over an unsecured and unfastened electrical extension cord located on the walkway of Defendants' property and connected to an illuminated holiday decoration. (Id.) He stumbled and fell to the ground, resulting in injury. (Id.)

On December 3, 2009, Plaintiff initiated litigation in Philadelphia County Court of Common Pleas on grounds of negligence. (Id. ¶¶ 28-67.) In turn, the Chelsea Defendants filed a Crossclaim against ABM based on the facts that ABM had entered into a service agreement, wherein it agreed to provide janitorial and maintenance services for the Philadelphia Premium Outlets from October 15, 2007 to October 31, 2010, and had assisted in placing the electrical extension cords in question. (Id. ¶¶ 82, 84-85.) The Crossclaim asserted a cause of action against ABM pursuant to Pa. R. Civ. P. 1031.1, (Answer & Crossclaim ¶¶ 77-80), as well as a four-part contractual Crossclaim as follows: (1) breach of contract (id. ¶¶ 81-103); (2) indemnification (id. ¶¶ 104-107); (3) negligence (id. ¶¶ 108-115); and (4) breach of promise to obtain insurance. (Id. ¶¶ 116-124.)

Via Motion dated May 4, 2010, Defendant ABM sought to dismiss Count IV of the Crossclaim, which alleges ABM's breach of promise to obtain insurance. The Chelsea Defendants responded on May 18, 2010. The Court now turns to the merits of this Motion.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. It emphasized that it would not require a

"heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Following the basic precepts of Twombly, the Supreme Court, in the subsequent case of Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009), enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Notwithstanding the foregoing, nothing in Twombly or Iqbal has altered some of the fundamental underpinnings of the Rule 12(b)(6) standard of review. Arner v. PGT Trucking, Inc., No. CIV.A.09-565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002); see also Mayer v. Belichick, ___ F.3d ___, 2010 WL 1908344, at *5 (3d Cir. May 19, 2010).

## III. DISCUSSION

Count IV of the Chelsea Defendants' Crossclaim against ABM alleges the following:

117. In paragraph 7 of the service agreement, ABM agreed to obtain and maintain commercial general liability insurance.

118. ABM agreed to obtain commercial general liability insurance with a policy limit not less than $1,000,000 combined single limit and $2,000,000 general aggregate limit.

119. As part of the service agreement, ABM agreed to name Chelsea Limerick Holdings, LLC as additional insured on those policies of insurance.

120. ABM further agreed, "the coverage afforded under the policy(ies) will not be cancelled without thirty (30) days prior written notice (hand delivered or registered mail) to each of the additional insureds."

121. To date, no insurance company acting under any policy of insurance obtained by ABM has assumed the defense of Answering Defendants or agreed to indemnify them against the claims of the plaintiff.

122. Therefore, in the alternative to any claim that Answering Defendants are entitled to a defense and/or indemnity under any insurance policy, it is alleged that ABM has failed to obtain the insurance promised or to have the Answering Defendants identified as additional insureds under any such existing policy.

123. As a result of the foregoing conduct of ABM, Answering Defendants have been damaged, because their defense has not been assumed any such insurance policies [sic], and various amounts have been incurred, pay [sic] by, or paid on behalf of Answering Defendants in connection with the defense of this litigation.

124. As a further result of the foregoing conduct of ABM, further amounts may have to be paid in the future in connection with any amount for which Answering Defendants may be adjudged liable or required to pay, do pay, or is paid on their behalf in connection with this litigation, by way of judgment, verdict, award, settlement, or otherwise.

(Answer & Crossclaim ¶¶ 116-124.)

ABM now alleges that the Chelsea Defendants' attempt to introduce issues of insurance in a third-party negligence action is improper and prejudicial. It asserts that "[e]vidence as to whether a defendant in a liability action is insured is irrelevant on the question of liability and the introduction of such evidence is the basis for declaring a mistrial because of its prejudicial nature." (Def. ABM's Mot. Dismiss 4.) In support, ABM cites the Pennsylvania Supreme Court case of <u>Stokes v. Loyal Order of the Moose Lodge</u>, 466 A.2d 1341 (Pa. 1983), for the proposition that evidence that establishes a defendant's obligation to insure is distinct from the evidence that would establish a co-defendant's liability for a particular accident. (<u>Id.</u>) Ultimately, it concludes that any Crossclaim based on insurance issues must be dismissed under Rule 12(b)(6) and should, instead, be pursued through a separate declaratory judgment action. (<u>Id.</u>)

ABM's argument, however, misunderstands the nature of the disputed Crossclaim. The Chelsea Defendants simply allege that ABM had a contractual obligation to obtain insurance coverage, but failed to do so. Pennsylvania courts have specifically found that, "[w]here a party breaches an agreement to obtain insurance, the breaching party is liable for the full amount of the damages sustained [in the underlying action]." <u>Bor. of Wilkinsburg v. Trumbull-Denton Joint Venture</u>, 568 A.2d 1325, 1326 (Pa. Super. Ct. 1990). Thus, a claim for failure to procure insurance relates directly to liability for the underlying cause of action. <u>Id.</u>

Under Pennsylvania law, crossclaims arising out of the same transaction or occurrence as the underlying cause of action are permitted. Pennsylvania Rule of Civil Procedure 1031.1 provides that:

> Any party may set forth in the answer or reply under the heading "Cross-claim" a cause of action against any other party to the action that the other party may be
>
> (1) solely liable on the underlying cause of action or

>*Note:* The term "underlying cause of action" refers to the cause of action set forth in the plaintiff's complaint or the defendant's counterclaim.

> (2) liable to or with the cross-claimant on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the underlying cause of action is based.

>*Note:* Subparagraph (2) permits a cross-claimant to raise a claim that another party is liable over to the cross-claimant or jointly and severally liable with the cross-claimant.

PA. R. CIV. P. 1031.1. This Rule "was formulated for the express purpose of 'bringing together into a single law suit causes of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.'" Rettger v. UPMC Shadyside, 991 A.2d 915, 928 (Pa. Super. 2010) (quoting Free v. Lebowitz, 244 A.2d 886, 888 (Pa. 1975)). "Indeed '[t]he general plan of joinder procedure is to adjudicate all rights growing out of a certain factual background.'" Id. (quoting Free, 244 A.2d 888 (additional quotation omitted)). Accordingly, a claim of failure to procure insurance that grows out of an underlying claim of negligence by a plaintiff necessarily falls within the ambit of Rule 1031.1.

ABM's reliance on Stokes is inapposite. In Stokes, a husband and wife brought an action to recover for the wife's injuries sustained on the defendant owner's premises. Stokes, 466 A.2d at 1342. The defendant owner then moved to join his insurer and insurer's agent claiming wrongful denial of insurance coverage. Id. Finding that joinder was not proper, the Pennsylvania Supreme Court held:

> The complaint against appellee was based on wife plaintiff's fall on appellee's premises. The complaint to join appellant was based on appellant's alleged obligation to insure and defend appellee. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. . . . [S]uch complaints should not be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish appellant's obligation to insure is distinct from the evidence that would establish appellee's liability. . . . We therefore conclude that the amendment to Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a

general policy of insurance to be joined in a liability action.

Id. at 1345.

In the present case, Count IV of the Crossclaim does not seek to join an insurer as a third-party defendant and does not allege a wrongful denial of insurance coverage under a specific policy of insurance. Rather, the Chelsea Defendants simply seek to bring a crossclaim against already joined co-defendant ABM contending that ABM failed to fulfill a contractual obligation to procure insurance. Unlike a claim alleging wrongful denial of insurance coverage, which has no bearing on the insured's initial liability and requires joinder of a party with no direct liability to the plaintiff, the Chelsea Defendants' Crossclaim potentially makes ABM liable for the full amount of Plaintiff's damages. Because such contractual breach would render ABM liable on a claim "arising out of the transaction or occurrence . . . upon which [Plaintiff's] cause of action is based," PA. R. CIV. R. 103.1(2), it is properly included as part of this action. The Court thus denies Defendant ABM's Motion to Dismiss.

An appropriate Order follows.